IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERGIO B. CEBALLOS, : | |
| Petitioner : | |
| : | |
| v. : | CIVIL NO. 02-CV-03483 |
| : | |
| IMMIGRATION & NATURAL- : | |
| IZATION SERVICE, : | |
| Respondent : | |
| : | |

GOVERNMENT'S RESPONSE TO PETITION
FOR WRIT OF HABEAS CORPUS

I. INTRODUCTION

This is an alien habeas case. Sergio Bonifacio Ceballos-Ramirez ("Ceballos") is a native of Mexico through birth there on May 14, 1962. He obtained lawful residency through one of the amnesty programs, and was admitted to United States citizenship in September 16, 1998.

On April 26, 2001 an agent of the Immigration & Naturalization Service (INS) learned of Ceballos' presence in the Berks County Prison. The agent lodged a detainer with the county prison, advising the institution that the agent had commenced an investigation to determine if Ceballos was subject to removal. Subsequently Ceballos was transferred to the Pennsylvania State Correctional Institution (SCI) at

Houtzdale (Clearfield County), as a sentenced prisoner. The INS detainer followed him there.

On July 10, 2002 the INS asked the SCI to cancel the detainer, by sending another "detainer- notice of action" with a block at the bottom of the form marked "Please cancel the [earlier] detainer...." The SCI acknowledged receipt of the cancellation (the documents are attached).

Ceballos filed this habeas corpus petition on May 30, 2002. The relief he seeks is the "lifting" of the detainer. Since the detainer is no longer lodged, complete relief has been accorded and the petition is moot.

II. ARGUMENT

Absent a "live" case or controversy, this Court should dismiss the petition pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject-matter jurisdiction. See U.S.Const. Art. 3, § 2, cl. 1; North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); Ruocchio v. United Transp. Union, Local 60, 181 F.3d 376, 382 n.8 (3d Cir. 1999). The petitioner has received all of the relief he sought, when the detainer was lifted. Article III courts are precluded from ruling on wholly abstract matters, and there

must be a live, ongoing dispute between the parties at all stages of the litigation. <u>County of Morris v. Nationalist Movement</u>, 273 F.3d 527, 533 (3d Cir. 2001). Absent a live dispute, the Court can grant no effective relief, and this power to grant effective relief is the touchstone of a case or controversy, and thus a requisite for jurisdiction under Article III. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996)).

III. <u>CONCLUSION</u>

For the foregoing reasons, the petition should be dismissed.

                                    Respectfully,

                                    PATRICK L. MEEHAN
                                    United States Attorney

_____ JAMES G. SHEEHAN
                                    Assistant United States Attorney
                                    Chief, Civil Division

                                    STEPHEN J. BRITT
                                    Assistant United States Attorney

## *Certificate of Service*

I certify hereby that on the 15th Day of July, 2002, I personally served a copy of the attached Government's Response to Petition For Writ Of Habeas Corpus, addressed to:

>Sergio Ceballos-Ramirez ES-2086
>SCI Houtzdale
>P.O. Box 1000
'   Houtzdale   PA 16698-1000

by first class mail service upon counsel

_____
STEPHEN J. BRITT
Assistant United States Attorney
Suite 1250, 615 Chestnut Street
Philadelphia, PA 19106-4476
(215) 861-8443
(215) 861-8642     telecopier